464 P.2d 394

Keith SIDDOWAY, Plaintiff and Appellant,

v.

GLENS FALLS INSURANCE COMPANY and Western Insurance Service, Defendants and Respondents.

No. 11521.

Supreme Court of Utah.

Jan. 19, 1970.

Utah 513, 151 P. 338 (1915); Bolognese v. Anderson, et al., 87 Utah 450, 44 P. 2d 706 (1935).

Ralph J. Marsh, of Backman, Backman & Clark, Salt Lake City, for plaintiff-appellant.

Ray R. Christensen, of Christensen & Jensen, Salt Lake City, for defendant-respondent Glens Falls Insurance Co.

Russell C. Harris, Salt Lake City, for defendant-respondent Western Insurance Service.

HENRIOD, Justice.

Appeal from a judgment by the court sitting without a jury, in favor of Glen Falls, saying Mr. Siddoway was not covered by an insurance policy allegedly issued by Glens Falls to insure hay against loss by fire. Affirmed with costs to Glens Falls.

Siddoway urges on appeal that (1) there was an oral contract for such insurance, which was made binding by one Dearden, claimed to be Glens Falls agent, who (2) had actual and/or (3) apparent authority to act as such and in any event Glens Falls (4) ratified such policy, which (5) was enforceable because of public policy.

If the facts do not disclose a contract certain, each of the five points on appeal of necessity is without merit. We believe and hold, that the findings of the trial court reasonably are supported by competent, substantial evidence chosen from the somewhat confusing and disputed facts, and as af-

fected by the provisions in our Insurance Code.[1] Such facts as are necessary to arrive at the conclusion of this court and that of the trial court fairly may be abstracted as follows:

Siddoway is a farmer who stacked some hay. He sought out one Dearden, an insurance agent licensed by two companies that did not issue fire insurance on hay unless extended the luxury of writing all the other insurance of Siddoway or anyone else. Dearden was not licensed by Glens Falls. On Friday, August 27, he presumed to try and acquire the desired insurance in the amount of $7,000 through one Kemp, owner of defendant, Western. Kemp was an agent for Glens Falls. Dearden did not specify any company that he intended would write the insurance, but left it to Kemp to acquire the insurance from some company with whom he had connections, but assumed it would be Glens Falls, which Kemp told him wrote hay insurance. Siddoway didn't care who wrote it and didn't know anything about Glens Falls. Dearden said the hay would be covered as of the 27th. Dearden did nothing over the weekend until Monday, August 30. On that day, at noon, Siddoway's hay went up in smoke. This event came to Dearden's attention, and immediately *thereafter* he wrote Kemp a quickie letter advising that he had told Siddoway that "we could handle the insurance

1. Title 31–17–1, Utah Code Annotated 1953, re "agent," 31–17–2, re "broker," and 31–17–3, re "solicitor."

·on it," and also advising Kemp that Siddoway's hay had caught fire, that the fire had been extinguished, and that there would be *some* damage to the hay, whose value had been set by Siddoway at $12,000, in the application for but $7,000 insurance, sent along with the letter to Kemp.[2] The hay was a total loss. Dearden, as agent for two companies had a supply of their application forms, etc., was duly licensed by them with authority to contract for them within the scope of an authorized agent's employment. He had no such authority with Glens Falls. Siddoway had no negotiations or contact with Glens Falls and so far as the record reflects, knew nothing about such company. Siddoway paid no premium to anyone, though offering to do so. No executed policy was ever delivered to or accepted by Siddoway. Glens Falls did not do anything that would indicate to Siddoway that Dearden represented it nor did Siddoway act on any assumption that Dearden had such authority, actual or apparent, or that Glens Falls ratified any contract with him.

Under such circumstances it is difficult to conclude, that applying principles as to definitude and certainty of terms, parties, subject-matter, and actual existence thereof, that might be urged to show any manifestation of mutual assent, an enforceable oral or written contract ever was effectuated in the instant case. So concluding,

we think the points on appeal to be without merit.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

2. Reasonably implying that there was sufficient hay left to support a $7,000 insurance risk.